## AS TO INJURY TO RESIDENCE PROPERTY FROM SMOKE AND VIBRATION FROM A STEEL PLANT.

Common Pleas Court of Hamilton County.

ROSE BELL ET AL V. POLLAK STEEL COMPANY.*

Decided, August, 1916.

*Injunction—Does Not Lie Against Operation of Heavy Machinery in a Steel Plant, When—Complaint by Owners of Residence Property —Railway Shown to Have Caused More Vibration Than the Steel Plant—Rights of Manufacturers Located in a Factory District as Against Near-by Residents.*

Injunction does not lie against the operation of a factory on the ground of injury to residence property from smoke and vibration of the earth, where it appears that the factory is located in a factory district, and is separated from the property in question by a stream of water and a railway operating sixty-four trains a day, and the trains cause more smoke and vibration than does the operation of the factory, and that the parties complaining acquired their property with one exception, some time after the factory began to operate.

*Schmuck & Jacobs*, for plaintiffs.
*Stricker & Johnson*, contra.

CALDWELL, J.

This is an application for an injunction. The court finds that said defendant's plant is located in a manufacturing district on some twenty acres of ground west of the C., H. & D. Railroad tracks and also west of Millcreek and directly west of Carthage; that the C., H. & D. Railroad and Millcreek separates it from the residential part of Carthage; that the defendant's plant is connected with the C., H. & D. by switch, and located where it is naturally to be presumed factories will locate in the progress and growth of our city; that the C., H. & D. Railroad Company runs an average of sixty-four trains a day; that the plaintiffs' property is immediately across the street eastwardly from the C., H. & D. tracks; that said defendant's business is a lawful and useful business; that they are engaged in the manufac-

*Dismissed in the Court of Appeals on statement of counsel.

ture of all kinds of round and square bars, locomotive driving axles, car axles, tender, truck and trailing shafts, and there is some evidence that they are now engaged in connection with their other business in the manufacture of rough forgings for shells; that said plant located there some eighteen years ago. At that time the only one of the complainants that owned property was Mrs. Bell. It is in evidence that two or three of the plaintiffs lived in the houses they now own some little time before they purchased them, and therefore were familiar with the workings of defendant's plant.

While it is claimed by plaintiffs that the noise and vibration has been greater in the eight months preceding the filing of the petition, there is evidence tending to show that there was more noise before this time, and much more smoke than at the present time. It is in evidence that plaintiff, Berner, worked for the defendant company some seventeen years, and that he was discharged on the 9th day of May, 1916, and on the 10th day of May, 1916, Berner, with others of the plaintiffs threatened the defendant company through counsel to enjoin the operation of their plant, but suggested this might be avoided by the purchase of their property, and thereupon gave prices at which the same could be purchased. It appears in evidence also that Berner, when he was discharged, stated it was his duty to get legal advice as to an injunction, as he stated, so they could sleep.

The court has made several trips to the neighborhood and one to the plant. The observation of the court is that the smoke from this plant, while it might be lessened, does not affect the property of plaintiffs anything like as much as does the smoke and cinders from the trains passing over the C., H. & D. tracks, and the smoke from the factory immediately north of said property. The houses of the plaintiffs do vibrate more or less from the operation of this plant, but from the court's observation and from the testimony they are not in excess nor equal to the vibration caused by the passing of trains over the C., H. & D. Railroad. There are some cracks in the houses of the plaintiffs, according to the testimony and the observation of the court, and there is testimony to the effect that some of the cement work of the houses has been cracked, and it is claimed from the vibration coming from this plant.

The rule governing these cases, as the court understands it, is:

"To authorize an injunction it must be such a noise as produces actual physical discomfort in persons of ordinary sensibility, and it must be noise unnecessarily made."

Therefore, under the ruling of the court of appeals in the case of *Henry F. Gau et al* v. *Howard M. Ley et al,* 27 C.C. (N.S.), 1, and considering the general rule rule in this state as announced in *Goodal* v. *Crofton,* 33 O. S., 271, the court is unable to grant the relief prayed for in plaintiffs' petition, and an entry may be made accordingly.